UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RICHARD S. YOUNG,<br><br>    Defendant. | CR: 07-045 (GK)<br><br>Criminal No. 07-mj-31 |

## DETENTION MEMORANDUM

The Defendant, Richard S. Young, has been charged in a criminal complaint with possession and interstate transport of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The government requested a detention hearing, which was held on February 9, 2007. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### Findings of Fact

At the detention hearing, Special Agent Ken D. Honick of the Federal Bureau of Investigation (FBI) testified on behalf of the government. Special Agent Honick testified that on

- 1 -

February 6, 2007 at 6:00am, he and other FBI Special Agents executed a search warrant of Apartment 303, 4305 Wheeler Road, S.E., Washington, D.C. Upon entry, the Agents quickly located the Defendant, a woman and two infants in the bedroom at the back of the apartment. As the Agents thereafter learned, the woman is the Defendant's wife and the infants his children. During the subsequent search, Agents observed a vent on the ceiling of the hallway that had scratches on it inconsistent with dirt and dust buildup. Based on this observation, the Agents surmised that the vent cover had been frequently removed and replaced suggesting that the occupants of the apartment were perhaps storing something there. Consequently, the Agents removed the vent cover and found a piece of green indoor/outdoor carpet in the duct upon which lay a .45 caliber Springfield semi-automatic handgun (serial # CRG-84), a .357 caliber Taurus revolver, a box of .357 ammunition, a digital scale and a sandwich bag filled with empty ziplock bags. Judging from the weight of the weapons, Agents thought the guns were loaded, an educated guess later verified by an FBI expert. The .357 revolver had a fully loaded chamber and the .45 semi-automatic handgun seemed to have a full magazine and a round in the chamber.

After being read his rights, the Defendant was questioned twice by the FBI, once at the site of the search and again at the FBI's Washington field office. The Defendant admitted that both guns were his, but gave the Agents slightly different explanations about where and how he acquired the weapons. Claiming to have purchased both weapons in the District of Columbia, the Defendant changed the precise location and amounts paid between the two interrogations. At the FBI Washington Field Office, the Defendant's statement was taped and he also wrote a statement claiming ownership of the weapons. To the best of Special Agent Honick's knowledge, neither of the guns nor the ammunition are manufactured in the District of Columbia.

**Discussion**

Having heard the testimony of Special Agent Honick at the February 9, 2007 hearing, the Court found that there is probable cause to believe that the Defendant committed an offense in violation of 18 U.S.C. § 922(g)(1).

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. *United States v. Vortis*, 785 F.2d 327, 328-29 (D.C. Cir. 1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." *United States v. Westbrook*, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

Here, the government seeks pre-trial detention on both grounds: that no conditions or combination of conditions will reasonably assure the defendant's future presence or the safety of the community. In making this determination, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of

the evidence against the defendant; (3) the defendant's history and characteristics, including the defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. Unlawful possession of a firearm and ammunition is a serious offense in and of itself but is especially egregious in a house with two young children.

The second factor, the weight of the evidence, also favors detention. The Defendant made two separate statements admitting possession of the weapons.

The third factor, the history and characteristics of the Defendant, supports pretrial detention. The Defendant committed this alleged crime while on probation. According to the Pretrial Services Report, the Defendant has a prior conviction for possession with intent to distribute a controlled substance as well as a juvenile offense. Moreover, the Defendant has previously violated supervised release by failing to report to his probation officer and by testing positive four times for drug use in the past month. Additionally, the Defendant was arrested for possession of a controlled substance on February 2, 2007, which is currently pending before the Superior Court of the District of Columbia.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. Given that gun violence continues to plague the District of Columbia at near epidemic levels, the nature and seriousness of the danger to the community can hardly be overstated.

## Conclusion

Based upon consideration of all the evidence and the factors set forth in 18 U.S.C. § 3142(g),

the Court concludes by a preponderance of the evidence that no condition or combination of conditions can be imposed that would assure compliance by the Defendant, including the Defendant's appearance at further court proceedings should he be released prior to trial. The Court also finds by clear and convincing evidence that no condition or combination of conditions can be imposed that would assure the safety of the community. Therefore, the government's motion for pretrial detention is granted.

Dated: February 16 , 2007                    /s/_____
                                             ALAN KAY
                                             UNITED STATES MAGISTRATE JUDGE