IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Cr. No. 07-045 (GK) |
| V. ) | |
| ) | |
| RICHARD YOUNG ) | |
| ) | |

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Richard Young, through undersigned counsel, hereby respectfully submits this memorandum in aid of sentencing pursuant to Federal Rule of Criminal Procedure 32. Based on all the sentencing factors in this case, including the United States Sentencing Guidelines, Mr. Young respectfully asks the Court to sentence him to a period of incarceration of 37 months.

### BACKGROUND

On April 11, 2007, Mr. Young was charged in a two-count Superseding Information with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g) (Count One) and one count of Receiving Stolen Property, in violation of 22 DCC § 3232.

On April 23, 2007, Mr. Young pled guilty to both counts of the information in accordance with a written plea agreement.

### DISCUSSION

**I.  THE POST-BOOKER SENTENCING FRAMEWORK.**

Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound

1

to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C. § 3553(a)(4)." United States v. Booker, _ U.S. __, 2005 WL 50108,*27 & n.1 (U.S. Jan. 12, 2005) (Breyer, J.). While holding that district courts should still consider the Guideline calculations and ranges for sentencing purposes, the remedial majority in Booker held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Pursuant to Booker, therefore, courts must treat the Guidelines as but one, among several, sentencing factors.

Pursuant to 18 U.S.C. §§ 3562 and 3553(a)–which were explicitly endorsed by the Supreme Court in Booker–sentencing courts should consider the need for the sentence imposed:

>  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> 
> (B) to afford adequate deterrence to criminal conduct;
> 
> (C) to protect the public from further crimes of the defendant; and
> 
> (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of

the offenses charged.

>Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the <u>Booker</u> majority:

>No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that:

>[t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Taken together, the directives of <u>Booker</u>, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence. With respect to *departures* from the Guideline range, in particular, following <u>Booker</u> courts need not justify sentences outside the Guidelines by citing factors that take the case outside the "heartland." Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553, courts may disagree with the range proposed by the Guidelines in individual cases and exercise their discretion.

**II.     UNDER ALL OF THE RELEVANT SENTENCING FACTORS, MR. YOUNG SHOULD RECEIVE A SENTENCE OF INCARCERATION OF 36 MONTHS**

   A.     <u>Statutory Provisions</u>

Pursuant to the applicable statutes, the maximum term of imprisonment is ten years for the Class C felony enumerated in Count One (18 USC §§ 922(g)(1) and 924(a)(2)) and 180 days

for the misdemeanor offense in Count Two (22 DCC § 3232(c)(2)).

      B.      Advisory Sentencing Guidelines

      (I).      *Applicable Guideline Range*

With respect to Count One, the Probation Office, consulting the 2006 edition of the Guidelines Manual, has concluded that the Total Offense Level is 19 and that Mr. Young's criminal history category is III, resulting in an advisory Guideline range of 37-46 months.

      C. Other Factors

As noted above, pursuant to 18 U.S.C. §§ 3562 and 3553(a) sentencing courts should consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

*I. Nature of the Offense*

The crime to which Mr. Young pled guilty is a serious offense. While Mr. Young in no way wishes to diminish its seriousness, he does ask the Court to take into account the fact that he did not commit–nor has he ever committed–a crime of violence. In addition to being extremely young–Mr. Young is 20 years old–, Mr. Young has a history of substance abuse. By the age of ten, Mr. Young had experimented with marijuana; five years later, he was using PCP. While his age and drug problem do not excuse his behavior, they help to explain, and provide a context for, the bad judgments and poor choices he has exercised. While there was no reason for Mr. Young to possess the firearm and ammunition that he did, there is no indication that he ever used, or planned to use, the weapon.

*II. Characteristics of the Defendant*

As noted above, Mr. Young is a young man whose experience with drugs and the street life commenced when he was even younger.  As indicated in the Presentence Investigation Report (hereinafter, "PSR"), Mr. Young never had a relationship with his father and, in light of his mother's work schedule, was raised in large part by his older brother.  His unstructured home environment prompted Mr. Young to stray and associate with a new "family" on the streets. While Mr. Young does not blame his family for where he is today, he does ask the Court to take into consideration the types of influences to which, at a young age, he was subjected.

As set forth in the PSR, Mr. Young's first encounters with the criminal justice system transpired when he was merely eleven. In the tenth grade, Mr. Young left high school and was committed to the Oak Hill facility for juvenile offenders. Only a few years have passed since that

5

time and, in the interim, Mr. Young has been gainfully employed for various short periods. Mr. Young is married and, according to his wife, has been a supportive partner and father on an emotional and financial level.

Mr. Young acknowledged his guilt to law enforcement officers before he had even been assigned an attorney and agreed to plead guilty at an early stage once he had been charged formally and an attorney had been appointed. Mr. Young filed no pretrial motions and spared the government considerable resources by not requesting a motions hearing or jury trial.

### III. Needs of the Community and Public

For the reasons stated in Section II, were the Court to sentence Mr. Young to a period of imprisonment longer than 36 months, his absence would cause both financial and emotional hardship to his young son. Especially in light of the fact that Mr. Young has never spent any significant time in jail or prison, a lengthy period of incarceration would not only be unnecessary in terms of sending a message but would be unduly punitive. Mr. Young undoubtedly needs to spend some time reflecting on his past actions and contemplating the kind of future he wants to build for himself. A long sentence of incarceration, however, would more than likely foster further unhealthy relationships and disrupt any progress Mr. Young *has* made in terms of seeking, and obtaining, stability.

## CONCLUSION

For the reasons set forth above, as well as for any others that it may deem fair and reasonable, Mr. Young asks the Court to sentence him to a period of incarceration of 36 months.

Such a sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553.

As Mr. Young has never served more than a few months' incarceration, and in light of the fact that he just began serving a lengthy sentence in Superior Court, there is no need for a sentence longer than 36 months in this case to act as a deterrent. Furthermore, a sentence of imprisonment longer than 36 months is unnecessary to fulfill either a punitive nor a rehabilitative purpose. In light of the fact that Mr. Young pled guilty in a timely fashion, as well as the fact that a sentence of 36 months is consistent with the terms of the negotiated plea agreement, a sentence longer than that requested would serve no purpose other than punishment.

Respectfully submitted,

A.J. Kramer
Federal Public Defender


_____/s/_____
Lara G. Quint
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C. 20004
(202) 208-7500 ex.134